UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **KATHARINE DEAKINS,** | ) | CASE NO. |
| c/o her attorneys Tittle & Perlmuter | ) | |
| 4106 Bridge Avenue | ) | JUDGE |
| Cleveland, OH 44113 | ) | |
| | ) | |
| and | ) | **COMPLAINT WITH JURY DEMAND** |
| | ) | **ENDORSED HEREON** |
| **GREGORY DEAKINS,** | ) | |
| c/o his attorneys Tittle & Perlmuter | ) | |
| 4106 Bridge Avenue | ) | |
| Cleveland, OH 44113 | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **SIX FLAGS ENTERTAINMENT** | ) | |
| **CORPORATION** | ) | |
| c/o Statutory Agent | ) | |
| Corporation Service Company | ) | |
| 1160 Dublin Road, Suite 400 | ) | |
| Columbus, Ohio 43215 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **CEDAR POINT PARK, LLC** | ) | |
| c/o Statutory Agent | ) | |
| Corporation Service Company | ) | |
| 1160 Dublin Road, Suite 400 | ) | |
| Columbus, Ohio 43215 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **MILLENNIUM OPERATIONS, LLC** | ) | |
| c/o Statutory Agent | ) | |
| Corporation Service Company | ) | |

| | |
|---|---|
| 1160 Dublin Road, Suite 400 | ) |
| Columbus, Ohio 43215 | ) |
| | ) |
| and | ) |
| | ) |
| **MAGNUM MANAGEMENT** | ) |
| **CORPORATION** | ) |
| c/o Statutory Agent | ) |
| Corporation Service Company | ) |
| 1160 Dublin Road, Suite 400 | ) |
| Columbus, Ohio 43215 | ) |
| | ) |
| and | ) |
| | ) |
| **CEDAR FAIR, L.P.** | ) |
| c/o Statutory Agent | ) |
| Corporation Service Company | ) |
| 1160 Dublin Road, Suite 400 | ) |
| Columbus, Ohio 43215 | ) |
| | ) |
| Defendants. | ) |

Plaintiffs Katharine Deakins and Gregory Deakins ("Plaintiffs"), through counsel, respectfully state and allege as follows for their Complaint against Defendants Six Flags Entertainment Corporation, Cedar Point Park, LLC, Millenium Operations, LLC, Magnum Management Corporation, and Cedar Fair, L.P.:

## PARTIES

1. Plaintiff Katharine Deakins is an adult individual, a resident of the Commonwealth of Massachusetts, and therefore a citizen of the Commonwealth of Massachusetts.

2. Plaintiff Gregory Deakins is an adult individual, a resident of the Commonwealth of Massachusetts and therefore a citizen of the Commonwealth of Massachusetts, and at all relevant times has been the legal spouse of Plaintiff Katharine Deakins.

2

3. Defendant Six Flags Entertainment Corporation is a business entity organized under the laws of the State of Delaware, with its principal place of business located at 8701 Red Oak Blvd., Charlotte, North Carolina 28217. Defendant Six Flags Entertainment Corporation is therefore a citizen of the States of Delaware and North Carolina.

4. Defendant Six Flags Entertainment Corporation owns and operates amusement parks throughout the United States. Upon information and belief, following its July 2024 merger with Cedar Fair, L.P., one of these amusement parks is Cedar Point, including the campground known as Lighthouse Point at Cedar Point, located at 1 Cedar Point Drive, Sandusky, Ohio 44870.

5. Defendant Cedar Point Park, LLC is a business entity organized under the laws of the State of Delaware, which, either on its own or with its co-Defendants, owns and/or operates the campground known as Lighthouse Point at Cedar Point, located at 1 Cedar Point Drive, Sandusky, Ohio 44870. Upon information and belief, the sole member of Cedar Point Park, LLC, possessing all managerial authority over it, is Millennium Operations, LLC.

6. Defendant Millennium Operations, LLC is a business entity organized under the laws of the State of Delaware, with two members, Cedar Fair, L.P. and Magnum Management Corporation. Upon information and belief, Magnum Management Corporation possesses all managerial authority over Defendant Millennium Operations, LLC.

7. Defendant Magnum Management Corporation is a business entity organized under the laws of the State of Ohio, with its principal place of business located at 1 Cedar Point Drive, Sandusky, Ohio 44870. Defendant Magnum Management Corporation is therefore a citizen of the State of Ohio.

8. At all relevant times, Magnum Management Corporation was a wholly owned subsidiary of Defendant Cedar Fair, L.P.

9. Defendant Cedar Fair, L.P. was, until July 2024, a limited partnership organized under the laws of the State of Ohio which owned and operated Cedar Point, including the campground known as Lighthouse Point at Cedar Point, located at 1 Cedar Point Drive, Sandusky, Ohio 44870. As set forth in documents on file with the United States Securities Exchange Commission, in July 2024, Cedar Fair, L.P. ceased to exist upon its merger with Defendant Six Flags Entertainment Corporation, with all interests in Cedar Fair, L.P. being exchanged for stock in Six Flags Entertainment Corporation, a Delaware corporation. Upon information and belief, there are no remaining outstanding partnership interests in Cedar Fair, L.P. following the July 2024 merger, and it shares the citizenship of its successor entity, Six Flags Entertainment Corporation. That is, it is a citizen of the States of Delaware and North Carolina.

10. Following the July 2024 merger, upon information and belief, Six Flags Entertainment Corporation is the successor in interest to Cedar Fair, L.P. and the sole owner of and ultimate managerial authority over Defendants Magnum Management Corporation, Millennium Operations LLC, Cedar Point Park, LLC, the amusement park called Cedar Point, and the campground known as Lighthouse Point at Cedar Point, located at 1 Cedar Point Drive, Sandusky, Ohio 44870.

11. Following the July 2024 merger, Defendants Millennium Operations LLC and Cedar Point Park, LLC are citizens of the states where their members reside, including Delaware, North Carolina, and/or Ohio.

**JURISDICTION AND VENUE**

12. This Court has jurisdiction over this matter on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), as Plaintiffs reside in Massachusetts, no Defendant is a citizen of Massachusetts, and the amount in controversy, exclusive of costs and interest, exceeds Seventy-Five Thousand Dollars ($75,000.00).

13. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as this action arises from a fall and injury that occurred in the City of Sandusky, Erie County, Ohio, which is located in this judicial district.

**FACTUAL ALLEGATIONS**

14. On August 14, 2023, Plaintiff Katharine Deakins rented Cabin #159 at the Lighthouse Point at Cedar Point campground in connection with a vacation to the Cedar Point amusement park operated by one or more of the Defendants. At all relevant times, she was a business invitee of all Defendants, which owned and/or operated and/or controlled Cedar Point and Lighthouse Point at Cedar Point.

15. On August 16, 2023, Ms. Deakins was preparing to return her key to the campground office prior to checking out.

16. As Ms. Deakins walked along the sidewalk to the campground office, she noticed a large, white, wooden windmill or lighthouse decoration that the Defendants had built into or near the campground office. As this happened, Ms. Deakins's shoe caught in a raised, uneven, broken section of the sidewalk. She fell forward, hitting her head and knee on the sidewalk, losing consciousness, and tearing the rotator cuffs in both her shoulders. Ms. Deakins did not see the uneven sidewalk until she was on the ground, with torn rotator cuffs, while an emergency worker took her vitals.

17. While Ms. Deakins was on the ground, Cedar Point employees took photos of the premises. They later charged Plaintiff a late fee for missing key drop-off after she was knocked unconscious on their property.

18. Upon information and belief, the Defendants, including by and through their respective employees, had actual, or, at the very least, constructive notice of the hazard posed by this uneven sidewalk prior to Ms. Deakins's fall and did nothing to repair the hazard or warn business invitees of its existence.

19. Based on the condition of the uneven, broken sidewalk, it had existed in that state for long enough that a reasonable inspection of the premises would have revealed it to the Defendants.

20. Plaintiff Katharine Deakins presented for treatment at urgent care in Ohio on the date of her fall and then treated in her home state of Massachusetts, where she has undergone two surgeries and is scheduled to undergo a third to treat the injuries sustained in this fall. Due to Ms. Deakins's shoulder injuries, she has been unable to return to her prior employment and has therefore incurred substantial wage loss.

## COUNT ONE

21. Plaintiffs incorporate by reference each preceding and succeeding paragraph as though fully rewritten herein.

22. At all relevant times, Plaintiff Katharine Deakins was a business invitee of the Defendants.

23. The Defendants owed Plaintiff a duty to protect her by maintaining the premises in reasonably safe condition and by preventing, removing, and/or adequately warning against hazards on the premises.

24. Defendants breached their duties to Plaintiff by negligently failing to monitor and repair the sidewalk, allowing a dangerous condition to remain on the premises when they knew or should have known of its existence.

25. Defendants were further negligent in failing to conduct a reasonable inspection of the premises to discover the danger posed by this uneven, broken sidewalk, and in failing to warn the public, including Plaintiff, of the dangerous condition created by the sidewalk.

26. Defendants were further negligent in creating distractions like the large, white, wooden windmill or lighthouse decoration built into or near the campground office, which made discovery of the danger posed by the uneven, broken sidewalk substantially less likely, and greatly increased the risk of injury to business invitees including Ms. Deakins.

27. As a direct and proximate result of the Defendants' negligence, jointly and/or severally, Plaintiff Katharine Deakins sustained permanent injuries, including but not limited to bilateral torn rotator cuffs requiring multiple surgeries that have left her with permanent scarring and changes to her internal anatomy, which have already required years of medical treatment and will continue to require medical treatment into the future.

28. As a further direct and proximate result of the Defendants' negligence, jointly and/or severally, Plaintiff Katharine Deakins sustained a permanent and substantial physical deformity, along with pain and suffering and severe mental anguish, all of which will continue into the future.

29. As a further direct and proximate result of the Defendants' negligence, jointly and/or severally, Plaintiffs incurred, and will continue to incur, medical bills, attendant care costs, lost wages, and other economic loss, which presently exceed $75,000.00 in the aggregate.

## **COUNT TWO**

30. Plaintiffs incorporate by reference each preceding and succeeding paragraph as though fully rewritten herein.

31. At all times relevant to this case, Plaintiffs Katharine and Gregory Deakins have been a married couple.

32. As a result of Katharine Deakins's injuries sustained in the August 16, 2023 fall, Plaintiff Gregory Deakins has suffered a loss of consortium and loss of services in an amount to be determined by the trier of fact, exceeding Seventy-Five Thousand Dollars ($75,000.00).

WHEREFORE, Plaintiffs pray for damages against Defendants, jointly and/or severally, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) for compensatory damages, plus attorneys' fees, interest, costs, and any and all other relief this Court deems fair and equitable.

Respectfully submitted,

*/s/ Kathleen R. Harris*
Kathleen R. Harris (0088079)
Tittle & Perlmuter
4106 Bridge Avenue
Cleveland, Ohio 44113
Phone: 216-222-2222
Fax: 888-604-9299
katie@tittlelawfirm.com

*/s/ Louis E. Grube*
Louis E. Grube (0091337)
Flowers & Grube
50 Public Square
Terminal Tower, 40th Floor
Cleveland, Ohio 44113
Phone: 216-344-9393
Fax: 216-344-9395
leg@pwfco.com

Attorneys for Plaintiff

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable.

*/s/ Kathleen R. Harris*
Kathleen R. Harris (0088079)
